**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

April 8, 2024

**BY ECF & EMAIL**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
White Plains, New York 10601

**MEMO ENDORSED**

  Re:  *United States v. Tymarione Martin*, 23 Cr. 385 (KMK)
     **Application to Set a Conference Date & Exclude Time**

Dear Judge Karas:

  The Government respectfully requests that the Court set a control date for a pre-trial conference approximately 60 days from now and exclude time to and through that date under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

  On November 13, 2023, the Court directed Tymarione Martin, the defendant, to file any pre-trial motions by no later than January 22, 2024, and excluded time through that date. (ECF No. 11.) As ordered, on January 22, 2024, Martin filed a motion to suppress evidence that was recovered from him at the time of his arrest. The Government filed an opposition on February 22, 2024. Briefing on that motion closed on March 7, 2024. Currently, there are no future proceedings on the calendar.

  The Government asks that the Court set a control date for a pre-trial conference approximately 60 days from today. In addition, the Government asks the Court to exclude time from today to and through the next scheduled pre-trial conference.

  Delay attributable to a pretrial motion is automatically excluded "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Courts previously have held that where a motion is resolved without a hearing, the period of automatic exclusion extends only 30 days from the date that the motion is "under advisement by the court." *See id.* § 3161(h)(1)(H); *United States v. Golston*, No. 23 Cr. 362 (AT), 2024 WL 149603, at *3 (S.D.N.Y. Jan. 12, 2024) ("[S]ubsection (H) places a thirty-day limit on subsection (D)'s otherwise open-ended exclusion of time for motions not requiring a hearing."). Martin's motion to suppress can (and should) be decided without an evidentiary hearing (ECF No. 16 at 22–24), and no hearing is currently scheduled. While the Court has not indicated whether a hearing will be scheduled in the future, the Government makes this motion now in an abundance of caution in case the speedy trial clock is later calculated to have resumed running 30 days after the briefing period closed: on April 6, 2024.

Hon. Kenneth M. Karas  Page 2 of 2
April 8, 2024

      The Government submits that the requested exclusion of time would serve the interests of justice by allowing the Court continued time to evaluate and rule on Martin's motion to suppress; granting the defense further time to review discovery; and giving the parties an opportunity to discuss a potential pretrial disposition of this matter. The Government has conferred with defense counsel, and the defense does not object to either the request to set a control date approximately 60 days out or to the request to exclude time to and through that date.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: /s/ David A. Markewitz
      David A. Markewitz
      Assistant United States Attorney
      (914) 993-1920

Cc:    Daniel A. Hochheiser, Esq. (by ECF & Email)

Granted. The Court will hold oral argument on the pending Motion to Suppress on 6/13/2024 at 10:00am.  Time is excluded until then, in the interest of justice, to allow for discovery review and trial preparation.  The interests of justice from this exclusion outweigh the public's and Defendant's interests in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED.

4/10/2024